IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-198-BO-BM

ANASTASIA KOTOLUPOVA, )
           Plaintiff, )
)
v. )    O R D E R
)
MERRICK GARLAND, et al., )
           Defendants. )

This cause comes before the Court on defendants' motion to dismiss plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. [DE 10]. Plaintiff has responded and defendant has replied. [DE 12, 13]. In this posture, the motion is ripe for ruling. For the reasons that follow, defendant's motion to dismiss pursuant to Rule 12(b)(1) is granted. [DE 10].

## BACKGROUND

Plaintiff, a native and citizen of Russia, presently resides in the United States. [DE 1]. On March 22, 2023, plaintiff's United States citizen spouse filed a Petition for Alien Relative ("Form I-130") with United States Citizenship and Immigration Services ("USCIS"). [DE 1]. Simultaneously, plaintiff filed an Application to Register Permanent Residence or Adjust Status ("Form I-485" or "adjustment application") with USCIS. [DE 1]. In the months following, plaintiff and her husband reached out to USCIS for a status update on their respective Forms I-130 and I-485. [DE 1]. Both plaintiff and her husband were unsuccessful at obtaining any updates. [DE 1].

After multiple unsuccessful attempts to contact USCIS, plaintiff filed this civil action in which she seeks to "[c]ompel [d]efendants and those acting under them to perform their duty to

adjudicate" plaintiff's Form I-485. [DE 1]. In response, defendants move to dismiss plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. [DE 10]. For the reasons discussed herein, the Court agrees with defendants and will grant defendants' motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. R. 12(b)(1). "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). A plaintiff facing a subject-matter jurisdiction challenge bears the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647–50 (4th Cir. 1999). When a facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject-matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

Federal subject matter jurisdiction can be established via (1) "federal question" under 28 U.S.C. § 1331, or (2) "diversity of citizenship" under 28 U.S.C. § 1332. A plaintiff seeking to establish federal question jurisdiction must assert a cause of action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. *See also Burgess v. Charlottesville Savings and Loan Assoc.*, 477 F.2d 40, 43 (4th Cir. 1973) ("[T]he complaint must . . . contain allegations affirmatively and distinctly establishing federal grounds not in mere form, but in substance and not in mere assertion, but in essence and effect.") (internal quotations omitted). In the instant case, plaintiff's complaint attempts to invoke federal question jurisdiction on three

separate grounds: the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101, *et seq.*, the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551, *et seq.* [DE 1]. Yet plaintiff's jurisdictional attempts are futile, because § 1252(a)(2)(B)(ii) of the INA strips this Court of subject matter jurisdiction over plaintiff's claim.

First, as to the INA, § 1252(a)(2)(B)(ii) proscribes that "no court shall have jurisdiction to review" the Attorney General or Secretary of Homeland Security's wholly discretionary "decision or action" concerning certain immigration issues. 8 U.S.C. §§ 1255(a), 1252(a)(2)(B)(ii)). Such wholly discretionary matters include "[t]he adjustment of an alien's status." *See Zhang v. Chertoff*, 491 F.Supp.2d 590, 591–92 (W.D. Va. 2007) (citing 8 U.S.C. §§ 1255(a), 1252(a)(2)(B)(ii)). But whether the *pace* at which the agency adjudicates an adjustment application is also considered discretionary for purposes of 8 U.S.C. § 1252(a)(2)(B)(ii) is a separate question.

A significant number of courts have considered – and rejected – claims where individuals, like plaintiff, challenge the pace at which USCIS adjudicates applications. In doing so, the "courts have held that § 1252(a)(2)(B)(ii) divests the federal district courts of jurisdiction over such claims because § 1255(a) gives USCIS discretion over the entire application process, including its pace." *Chen v. Mayorkas*, No. 8:23-CV-315-HMH-JDA, 2023 WL 2313633, at *3 (D.S.C. Feb. 3, 2023), *adopted*, No. CV 8:23-315-HMH-JDA, 2023 WL 2308513 (D.S.C. Mar. 1, 2023) (quotations and citations omitted); *see also Patel v. Gonzales*, 8:07-CV-1625-DKC, 2008 WL 11509689, at *3 (D. Md. Mar. 31, 2008) (concluding that under § 1252(a)(2)(B)(ii), federal courts lack "jurisdiction to review the pace at which USCIS adjudicates [Form I-485] claims"); *Safadi v. Howard*, 466 F.Supp.2d 696, 699 (E.D. Va. 2006) ("[Section] 1252(a)(2)(B)(ii) precludes judicial review of any 'action,' meaning any act or series of acts, included within the ongoing adjudication process and the pace at which that action proceeds); *Zhang v. Chertoff*, 491 F. Supp. 2d 590, 593 (W.D. Va.

2007) (same). Likewise, here, the Court finds that the pace at which USCIS is adjudicating plaintiff's Form I-485 falls within the confines of a discretionary agency action; one which this Court is jurisdictionally barred from reviewing under § 1252(a)(2)(B)(ii). *See Safadi*, 466 F.Supp.2d at 699. Indeed, "[i]f Congress had intended for the pace of adjudication of adjustment applications to be subject to judicial review, it could have expressly offered a standard with which to measure the lapse of time." *Zhang*, 491 F.Supp.2d at 593.

Second, the Mandamus Act also does not vest this Court with subject matter jurisdiction to consider the pace at which the agency is adjudicating plaintiff's Form I-485. [DE 1]. While the Mandamus Act provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," 28 U.S.C. § 1361, it is well-understood that "mandamus cannot be used to compel the performance of discretionary duties of federal government officers . . . ." *See Garcia v. United States Att'y Gen.*, No. 8:23-CV-3501-JFA-JDA, 2023 WL 7224436, at *2 (D.S.C. Aug. 1, 2023), *adopted*, No. 8:23-CV-3501-JFA-JDA, 2023 WL 6619424 (D.S.C. Oct. 11, 2023) (citing *Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995)). Consequently, plaintiff cannot use the Mandamus Act to establish this Court's jurisdiction over her complaint against the agency and its speed in which it is adjudicating plaintiff's Form I-485. *See Gonzalez v. Cuccinelli*, 985 F.3d 357, 366 (4th Cir. 2021) ("[W]here an agency is not required to do something, we cannot compel the agency to act—let alone to act faster.").

Lastly, under the APA, this Court is still without jurisdiction to compel a discretionary agency action. This is because section 701(a) excludes the APA's application to both "(1) statutes preclude[ing] judicial review," such as 8 U.S.C. § 1252(a)(2)(B)(ii), and "(2) agency action [that] is committed to agency discretion by law," such as 8 U.S.C. §§ 1255(a) and 1154. *See* 5 U.S.C. §

4

701(a). Consequently, this Court does not have jurisdiction under the APA to consider plaintiff's complaint.

In sum, while USCIS may hold a nondiscretionary duty to adjudicate plaintiff's Form I-485, the pace in which USCIS processes plaintiff's Form I-485 is considered to be a discretionary action. *Safadi*, 466 F.Supp.2d at 699. As a result, this Court is without jurisdiction to entertain plaintiff's complaint. *See, e.g.*, *Shalev v. Gonzales*, 8:07-CV-256-PJM, 2007 WL 9782605, at *1 (D. Md. Sept. 24, 2007) ("A district court is precluded from exercising jurisdiction to compel USCIS to adjudicate the I-485 application under the mandamus statute, the [APA], or the Declaratory Judgment Act."); *Safadi*, 466 F.Supp.2d at 700 (finding that citations to Mandamus Act and APA could not establish subject matter jurisdiction because USCIS does not owe a "clear nondiscretionary duty" to process an adjustment of status application "at any particular pace or speed"). Because the Court will grant defendants' motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the Court will not address defendants' remaining arguments for dismissal. [DE 10].

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss pursuant to Rule 12(b)(1) is GRANTED [DE 10], and the case is DISMISSED without prejudice.

SO ORDERED, this 21 day of October, 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE